UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

Catherine Simmons,

    Plaintiff,

v.   Case No. 06-11266

Greektown Casino, LLC, a Michigan   Honorable Sean F. Cox
Limited Liability Company, and
Steven Ford, an individual, jointly
and severally,

    Defendants.
_____/

### ORDER DISMISSING COUNTS II, III & IV OF PLAINTIFF'S COMPLAINT AND REMANDING REMAINING STATE-LAW CLAIM TO WAYNE COUNTY CIRCUIT COURT

Plaintiff Catherine Simmons ("Plaintiff") filed suit against Defendant Greektown Casino, LLC ("the Casino") and Defendant Steven Ford ("Ford") in Wayne County Circuit Court on February 14, 2006, asserting the following claims: "False Arrest and Imprisonment" (Count I), "Intentional Infliction of Emotional Distress" (Count II), "Defamation" (Count III), and "Civil Rights Violations" (Count IV), wherein she asserts a claim under 28 U.S.C. §1983. Defendants then removed the action to this Court on March 27, 2006, based upon federal question jurisdiction.

On April 12, 2007, the Casino and Ford each filed Motions for Summary Judgment. In responding to the motions, Plaintiff agrees and consents that Counts II, III and IV of her complaint should be dismissed. (*See* Docket Entry 35 at 2). Accordingly, **IT IS ORDERED** that Counts II, III and IV of Plaintiff's complaint are hereby **DISMISSED WITH PREJUDICE**.

Plaintiff's only remaining claim in this action is therefore Count I, her state-law claim for false arrest and false imprisonment. A "federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006); 28 U.S.C. §1367(c)(3). The Court does not find that the interests of judicial economy outweigh concerns over needlessly deciding state law issues in this action.[1] The Court therefore declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim and **ORDERS** that this action be **REMANDED** to Wayne County Circuit Court.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: June 20, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 20, 2007, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager

---

[1] The Court notes that, contrary to the circumstances seen in *Harper v. Autoalliance International, Inc.*, 392 F.3d 195, 211 (6th Cir. 2004), this is not a situation wherein the Court has already made several substantive rulings as to Plaintiff's claims such that the Court is well versed in the facts of the case. If this Court were to decide whether Defendants were entitled to summary judgment with respect to Plaintiff's remaining state-law claim, it would be this Court's first substantive ruling in this case.